S. LANE TUCKER
United States Attorney

JACQUELYN A. TRAINI
MARIE C. SCHEPERLE
Assistant U. S. Attorneys
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Jackie.Traini@usdoj.gov
E-mail: Marie.Scheperle@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JACOB HALSOR, <br><br> Plaintiffs, <br><br> vs. <br><br> BEST CHOICE CONSTRUCTION LLC; RYAN DALBEC; RAIHANA NADEM; and BRIAN LOWELL NASH, II <br><br> Defendants. | Case No. 3:20-cv-00063-HRH |

**UNITED STATES' AMENDED COMPLAINT UNDER THE FALSE CLAIMS ACT**

The United States alleges as follows:

# I. Introduction

1. This action is based upon a mutually agreed-upon scheme between Best Choice Construction LLC ("BCC"), Raihana Nadem ("Nadem"), Ryan Dalbec ("Dalbec"), and Brian Lowell Nash, II ("Nash") (collectively, "Defendants") to defraud the United States of America. Dalbec, Nadem, and BCC conspired to pay bribes and kickbacks to Nash, a Construction Contracting Officer for the U.S. Air Force, so that BCC could obtain and submit claims under major government contracts. Specifically, through the use of bribes, Dalbec and BCC were able to obtain information as to the quote amounts made by other entities bidding on U.S. Air Force construction projects so that BCC could submit lower quotes, as described in further detail herein. BCC was ultimately awarded the contracts for which it paid bribes to Nash.

2. In carrying out this scheme, Defendants knowingly submitted and/or caused BCC to submit false and fraudulent claims to the U.S. Air Force in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq*. The claims were false and fraudulent because they were submitted under contracts, the award of which had been fraudulently induced by Dalbec, Nadem, and BCC through bribery and kickbacks. Furthermore, Defendants knowingly made, used, or caused to be made or used, false records or statements material to false or

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*       -2-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 41   Filed 02/01/23   Page 2 of 17

fraudulent claims in BCC's false certification of compliance with material terms of payment, including compliance with laws and contractual provisions prohibiting bribery and kickbacks and requiring the provision of honest services.

3. The government seeks relief for this fraudulent and illegal scheme under the False Claims Act, 31 U.S.C. § 3729 *et seq*.

## II. Jurisdiction and Venue

4. This action arises under the False Claims Act, 31 U.S.C. § 3729 *et seq*. This Court has jurisdiction pursuant to 31 U.S.C. §§ 3732(a) and 3730(b). This Court also has jurisdiction pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1331.

5. This Court may exercise personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) because Defendants regularly conducted substantial business within the State of Alaska and made or are making significant revenue within Alaska.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 31 U.S.C. § 3732(a) because Defendants conducted and/or conduct business in Anchorage, Alaska.

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al* -3-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 41   Filed 02/01/23   Page 3 of 17

### III.  Parties

7. Plaintiff is the United States of America.

8. Plaintiff Relator, Jacob Halsor, is a Construction Specialist in the U.S. Air Force. He is stationed at the Joint Base Elmendorf-Richardson in Anchorage, Alaska.

9. Defendant BCC is organized under the laws of the State of North Dakota and its principal address is 3664 Cordova Loop South, Fargo, North Dakota, 58104. It is owned and operated by Ryan Dalbec. Its primary NAICS number is 238320.

10. BCC is registered to do business in various states, including Alaska, Massachusetts, Connecticut, Oregon, Washington, and Minnesota. Raihana Nadem is also listed as owner, organizer, partner, and member of the company in documents filed with Secretary of State of the different states.

11. To be able to do business with the United States of America under a Federal Acquisition Regulation-based contract, an entity must be registered in the System for Award Management ("SAM"). As part of the registration process, BCC represents and certifies yearly compliance with, *inter alia*:

- Federal Acquisition Regulation ("FAR") 52.203-11(c) - Certification and Disclosure Regarding Payments to – Influence Certain Federal Transactions ("The offeror, by

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -4-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 41   Filed 02/01/23   Page 4 of 17

signing its offer, hereby certifies to the best of its knowledge and belief that no Federal appropriated funds have been paid or will be paid to any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress on its behalf in connection with the awarding of this contract.");

- FAR 52.212-3(e) - Certification Regarding Payments to Influence – Federal Transactions (31 U.S.C. § 1352) ("By submission of its offer, the offeror certifies to the best of its knowledge and belief that no Federal appropriated funds have been paid or will be paid to any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress or an employee of a Member of Congress on his or her behalf in connection with the award of any resultant contract."); and

- FAR 52.203-12(b) (incorporated by reference) - Limitation on Payments to Influence Certain Federal Transactions ("31 U.S.C. § 1352 prohibits a recipient of a Federal contract, grant, loan, or cooperative agreement from using appropriated funds to pay any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with any covered Federal actions. In accordance with 31 U.S.C. § 1352, the Contractor shall not use appropriated funds to pay any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with the award of this contractor the extension, continuation, renewal, amendment, or modification of this contract.")

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al* -5-
Case No. 3:20-cv-00063-HRH

12. Dalbec is or was a resident of the State of North Dakota. He is the owner and managing member of Defendant BCC and is liable personally and in his capacity as a corporate officer for engaging in the wrongdoing described herein.

13. Nadem is or was a resident of the State of Arizona. She is an owner of Defendant BCC and personally engaged in the wrongdoing described herein.

14. Nadem and Dalbec are married.

15. Defendant Nash is or was a Senior Airman in the U.S. Air Force. He is or was a Construction Contracting Officer in the Construction Flight at 673 CONS at Joint Base Elmendorf-Richardson in Anchorage, Alaska.

## IV. Facts

16. BCC, Nadem, and Dalbec knowingly offered and paid bribes and kickbacks to Nash in exchange for information on government contract bids so that BCC could place the lowest bid and win the contract. All the while, BCC falsely certified compliance with relevant laws and regulations prohibiting bribery of public officials. BCC was ultimately awarded several contracts tainted by these bribes. As a result, all claims submitted under these contracts are false.

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al* -6-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 41   Filed 02/01/23   Page 6 of 17

17. Had the government known about the fraud engaged by Defendants during the procurement of these contracts, it never would have entered into the contract with BCC, and no payments would have been made to BCC.

18. It was among Nash's official, lawful duties, to keep confidential and not to disseminate or disclose contractor bid or proposal information, including the Independent Government Cost Estimate ("IGCE"), to any outside contractor.

19. Nash did not have authority to disclose the IGCE to anyone outside of the U.S. Air Force and had affirmed this duty by signing a "Source Selection Non-Disclosure Agreement."

20. Beginning in or about March 2019, and continuing until in or about November 2019, Nash had a bribery agreement with Dalbec and BCC whereby Nash provided confidential, non-public bidding information concerning U.S. military contracts in Alaska, including the IGCE and competitor bid amounts. In return, Dalbec/Nadem/BCC gave and promised Nash cash and other things of value, both as upfront payments and as a percentage of the total value of contracts won, using the information that Nash provided.

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -7-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 41   Filed 02/01/23   Page 7 of 17

21. Using this information, Dalbec, Nadem, and BCC would bid on and win U.S. military contracts in Alaska.

22. On a Saturday evening in June 2019, Relator Halsor invited some friends to his home in Palmer, Alaska, including Nash. While there, the group decided to go to a bar. When they arrived at the bar, Nash said in passing to Relator Halsor that he should not worry about paying for the drinks because Nash had come into some money recently. Relator Halsor asked him how he had come into money, and Nash responded that he had received money from a contractor on a construction project but that he would tell him more about it later.

23. After a while, some of the group left the bar and returned to Relator Halsor's home in Palmer, including Nash.

24. When Relator Halsor and Nash were alone together and others were upstairs, they spoke about Nash's earlier comment about having come into some money. Nash said that he had been approached on Facebook by Nadem. She had told Nash that if he gave information to Dalbec, they would pay Nash 10 percent of the per contract price paid.[1] The information Nadem

---

[1] At a later date, Nash said that it was not in fact Dalbec's wife who had approached him, but rather Dalbec himself during a site visit on the buildings

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*   -8-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 41   Filed 02/01/23   Page 8 of 17

and Dalbec were requesting included the dollar value of each quote received from the other companies as well as the IGCE. Having this information would allow Dalbec to quote below all the other contractors, which resulted in BCC getting three major asbestos abatement contracts, worth a total of about 1.65 million dollars. Nash then admitted to Relator Halsor that he had conveyed the quote amounts from the other contractors to Dalbec which enabled him to obtain the contract on the three jobs. Nash said Dalbec paid him a lot of money, and Relator Halsor recalls it was an amount between 30,000 dollars and 70,000 dollars. Nash also said that after he received the money from Dalbec, he had taken leave from the base and had flown to Washington to have the cash held by a family member. Nash said that if Relator Halsor wanted to get involved and would tell him about quotes on the jobs he was managing, in return, Nash would split the money paid on each contract that BCC was awarded.

25. The contracts known to Relator Halsor for which BCC and Dalbec received quotes from Nash in return for which he received bribes from Dalbec included:

    a. FA500019PA021 – Awarded March 19, 2019 - 725,000

---

where the asbestos abatement was to be performed. Also, he said that the amount of the bribe to be paid to Nash was not 10 percent, but rather 5 percent.

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*     -9-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 41   Filed 02/01/23   Page 9 of 17

dollars;[2]
  b. FA500019PA026 – Awarded March 19, 2019 - 467,000 dollars;[3] and
  c. FA500019PA016 – Awarded February 28, 2019 - 485,000 dollars.[4]

26. The contracts were all evaluated and later awarded on the basis of the Lowest Price Technically Acceptable ("LPTA"), which means that, as long as a prospective contractor responded positively to the Solicitation and the Statement of Work ("SOW") and quoted the lowest price, that contractor was awarded the job.

27. The Solicitation for each of the three contracts listed above contains the following certification clauses:

> (q) Other compliances. The Contractor shall comply with all applicable Federal, State and local laws, executive orders, rules and regulations applicable to its performance under this contract.
>
> (r) Compliance with laws unique to Government contracts. The Contractor agrees to comply with 31 U.S.C. 1352 relating to limitations on the use of appropriate funds to influence certain Federal contracts; 18 U.S.C. 431 relating to officials not to

---

[2] https://www.usaspending.gov/award/CONT_AWD_FA500019PA021_9700_-NONE-_-NONE- (last accessed Nov. 14, 2022) (attached as Ex. A).

[3] https://www.usaspending.gov/award/CONT_AWD_FA500019PA026_9700_-NONE-_-NONE- (last accessed Nov. 14, 2022) (attached as Ex. B).

[4] https://www.usaspending.gov/award/CONT_AWD_FA500019PA016_9700_-NONE-_-NONE- (last accessed Nov. 14, 2022) (attached as Ex. C).

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -10-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 41   Filed 02/01/23   Page 10 of 17

> benefit; … 41 U.S.C. chapter 87, Kickbacks; …and 41 U.S.C chapter 21 relating to procurement integrity.

28. These clauses, and other regulations that were incorporated by reference into the contracts at issue or into the yearly SAM certifications made by BCC, were material to the awarding of payment and a condition of payment of claims under the contracts.

29. Said contracts would not have been awarded and the claims submitted under the contract would not have been paid if the government had been made aware of the violations of these clauses and of the bribes described above.

30. In submitting the claims for payment, BCC, Nadem, and Dalbec expressly and/or implicitly certified that they were in full compliance with all material terms of payment, including federal and state law prohibiting bribery of public officials and kickbacks.

31. All claims submitted or caused to be submitted by Defendants on the federal contracts that were awarded by a federal employee following a promise by BCC, Nadem, and Dalbec to pay money in exchange for information to enable BCC, Nadem, and Dalbec to obtain the projects and/or following payments by BCC, Nadem, and Dalbec in exchange for being

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -11-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 41   Filed 02/01/23   Page 11 of 17

awarded the contract, are false claims on the United States.

32. On the Monday after Relator Halsor's Saturday talk with Nash, Relator Halsor reported the information he had received from Nash to his Superintendent at the Squadron, Chief Master Sergeant Tameka Taylor.

33. The following Tuesday, Nash texted Relator Halsor. Relator Halsor had been briefed by law enforcement as to how to handle communications in the investigation. Nash asked Relator Halsor for the details of contracts which were available and said that the owner of BCC was interested in making similar deals for information on the prices of incoming quotes. Nash directly asked Relator Halsor about a specific project Relator Halsor was managing and specifically asked Relator Halsor to provide him the dollar value of the IGCE on that project. To give himself time to confer with law enforcement, Relator Halsor told Nash that he would call him later that day to tell him more about it.

34. Relator Halsor called Nash later from a Wendy's restaurant parking lot and told him that the project in question was valued at 40,000 dollars for the contract.

35. Nash responded that Dalbec was not interested in doing anything on projects under 50,000 dollars.

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -12-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 41   Filed 02/01/23   Page 12 of 17

36. In late July or early August 2019, Relator Halsor asked Nash to meet him at the Buffalo Wild Wings Restaurant in Anchorage. They met and the conversation turned to the contracts and whether Relator Halsor had any new prospects that might interest Dalbec and BCC. Nash mentioned a Nike Site Construction Project which was valued around 300,000 dollars.

37. On information and belief, this is contract number FA500019PA164 which was awarded to BCC on or around September 20, 2019. The total award amount to BCC for this contract was 210,000 dollars.[5]

38. In addition, Nash mentioned a contract for the F35 infrastructure project at Joint Base Eielson - Wayne Wright in Fairbanks, Alaska, which was valued in excess of two million dollars.

39. On information and belief, this is contract number FA500420C0003, which was awarded to BCC on or around October 24, 2019. The total award amount to BCC for this contract was 6.85 million dollars.[6]

---

[5] https://www.usaspending.gov/award/CONT_AWD_FA500019PA164_9700_-NONE-_-NONE- (last accessed Nov. 14, 2022) (attached as Ex. D).

[6] https://www.usaspending.gov/award/CONT_AWD_FA500420C0003_9700_-NONE-_-NONE- (last accessed Nov. 14, 2022) (attached as Ex. E).

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al* -13-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH    Document 41    Filed 02/01/23    Page 13 of 17

40. In May 2022, Nash entered a plea agreement based on the above-described conduct pleading guilty to Conspiracy, in violation of 18 U.S.C. § 371, and Acceptance of a Bribery by a Public Official, in violation of 18 U.S.C. § 201(b)(2)(A) and (C).[7]

41. In August 2022, Dalbec entered a plea agreement based on the above-described conduct pleading guilty to Conspiracy, in violation of 18 U.S.C. § 371, and Bribery of a Public Official, in violation of 18 U.S.C. § 201(b)(1)(A) and (C).[8]

42. In November 2022, Nadem entered a plea agreement based on the above-described conduct pleading guilty to structuring a financial transaction in violation of 31 U.S.C. § 5324(a)(3).

### V. Claims

**COUNT I: FALSE OR FRAUDULENT CLAIMS**
**(False Claims Act, 31 U.S.C. § 3729(a)(1)(A)**

43. By reason of the conduct alleged in paragraphs 1-40 above, Defendants knowingly presented or caused to be presented to an officer or

---

[7] *U.S. v. Brian Lowell Nash II*, 4:21-cr-00011-RRB-SAO, Docket 125 (attached as Ex. F).
[8] *U.S. v. Ryan Dalbec*, 4:21-cr-00011-RRB-SAO, Docket 144 (attached as Ex. G).

U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al    -14-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 41   Filed 02/01/23   Page 14 of 17

employee of the United States government, false or fraudulent claims for payment or approval, to wit: FA500019PA021; FA500019PA026; and FA500019PA016.

44. The United States paid these claims and suffered damages as a result.

45. As a result of the above-referenced conduct, Defendants violated the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) and damaged the United States in amount to be proven at trial.

**COUNT II: FALSE OR FRAUDULENT CLAIMS**
**(False Claims Act, 31 U.S.C. § 3729(a)(1)(B))**

46. By reason of the conduct alleged in paragraphs 1-40 above, Defendants knowingly presented or caused to be presented to an officer or employee of the United States government, false or fraudulent claims for payment or approval, to wit: FA500019PA021; FA500019PA026; and FA500019PA016.

47. The United States paid these claims and suffered damages as a result.

48. As a result of the above-referenced conduct, Defendants violated the False Claims Act, 31 U.S.C. § 3729(a)(1)(B) and damaged the United States

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*    -15-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 41   Filed 02/01/23   Page 15 of 17

in amount to be proven at trial.

### COUNT III: FALSE OR FRAUDULENT CLAIMS
### (False Claims Act, 31 U.S.C. § 3729(a)(1)(C)

49. By reason of the conduct alleged in paragraphs 1-40 above, Defendants knowingly conspired to commit violations of the False Claims Act 31 U.S.C. § 3729(a)(1)(A) and (B), to wit: FA500019PA164; and FA500420C0003.

50. As a result of the above-referenced conduct, Defendants violated the False Claims Act, 31 U.S.C. § 3729(a)(1)(C) and damaged the United States in amount to be proven at trial.

### VI. Demand for Judgment for Relief

Wherefore, Plaintiff, the United States of America, demands judgment against Defendants as follows:

A. Under Counts I, II, and III (False Claims Act), damages the United States has sustained, including investigative costs, plus civil penalties and enhanced damages as allowable by law; and

B. Such other relief as this Court may deem just and proper, together with interest as allowable by law, fees, and costs of this action.

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al* -16-
Case No. 3:20-cv-00063-HRH

RESPECTFULLY SUBMITTED on February 1, 2023, at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ Jacquelyn A. Traini
Assistant U. S. Attorney
United States of America

s/ Marie C. Scheperle
Civil Chief
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on February 1, 2023,
a copy of the foregoing was served via
email on all counsel of record, including:

Jeffrey A. Newman
jeffrey@jeffreynewmanlaw.com
*Attorneys for Relator*

Phillip Paul Weidner
pweidner@weidnerjustice.com

Lisa Rosano
lrosano@weidnerjustice.com
*Attorneys for Relator*

s/ Jacquelyn A. Traini
Office of the U.S. Attorney

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*     -17-
Case No. 3:20-cv-00063-HRH