S. LANE TUCKER
United States Attorney

JACQUELYN A. TRAINI
MARIE C. SCHEPERLE
Assistant U. S. Attorneys
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Jackie.Traini@usdoj.gov
E-mail: Marie.Scheperle@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JACOB HALSOR,<br><br>Plaintiffs,<br><br>vs.<br><br>BEST CHOICE CONSTRUCTION LLC; RYAN DALBEC; RAIHANA NADEM; and BRIAN LOWELL NASH, II<br><br>Defendants. | Case No. 3:20-cv-00063-HRH |

**UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY**

UNITED STATES OF AMERICA, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56, hereby moves for partial

summary judgment on its claims under the False Claims Act ("FCA"), 31 U.S.C. §§3729(a)(1)(A)-(C). The United States brings this motion against Defendants Brian Nash and Ryan Dalbec.[1] Both Defendants have pled guilty and admitted the facts underlying the civil complaint filed in this case. Pursuant to 31 U.S.C. § 3731(e), Nash and Dalbec are estopped from denying the essential elements of liability. The United States requests the Court enter partial summary judgment in favor of the United States and against Defendants, (1) finding Defendants Nash and Dalbec liable under the FCA with respect to the four tainted contracts at issue; and (2) awarding automatic civil penalties totaling $44,000.[2]

## FACTUAL BACKGROUND

The facts contained herein are derived from the Defendants' plea agreements in their criminal cases—they are facts specifically admitted to by each defendant as part of their pleas and constitute the underlying basis of

---

[1] As the Court noted at Dkt. 57, the United States has not pled a sum certain amount; therefore, it will reserve moving for default judgment pursuant to Fed. Rule Civ. P. 55(b) against Defendants Nadem and Best Choice Construction, LLC, until liability against Nash and Dalbec has been established.

[2] Since civil penalties are fixed by statute, they can be assessed once liability is found.

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -2-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 64   Filed 05/25/23   Page 2 of 16

this civil complaint. Dkts. 33-6, 33-7 (both stating, "By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement…."). Their pleas are final, and judgment has been entered in both cases. *United States v. Nash*, 4:21-cr-00011-RRB-SAO, Dkt. 170 (attached hereto as Exhibit A); *United States v. Dalbec*, 4:21-cr-00011-RRB-SAO, Dkt. 223 (attached hereto as Exhibit B).

In 2019, Brian Nash was an enlisted member of the United States Air Force. He was stationed at Joint Base Elmendorf Richardson ("JBER"). Dkt. 33-6, p. 5; Dkt. 33-7, p. 5. Nash was a Contract Specialist, and as part of his duties, he was authorized to award and administer contracts up to $250,000.00 and had access to non-public information, such as competitor bid information and Independent Government Cost Estimates ("IGCEs"). *Id*. It was among Nash's official, lawful duties, to keep confidential and not to disseminate or disclose contractor bid or proposal information, including IGCEs, to any outside contractor. *Id*.

During this timeframe, Ryan Dalbec was the manager of Best Choice Construction, LLC ("BCC"), which was a limited liability company organized and existing under the laws of North Dakota. Dkt. 33-6, p. 4-5; Dkt. 33-7, p. 4-5. Through Best Choice, Dalbec submitted bids for, and was awarded, U.S.

U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al     -3-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 64   Filed 05/25/23   Page 3 of 16

military contracts in Alaska, including contracts to perform work at Eielson Airforce Base, and JBER. Dkt. 33-6, p. 5; Dkt. 33-7, p. 5.

Raihana Nadem is married to Dalbec and was the owner and registered agent of Best Choice Construction. *Id*. Nadem assisted Dalbec in the daily management of Best Choice Construction, including with the preparation and submission of bids for U.S. military contracts in Alaska, including contracts at Eielson Air Force Base, and JBER. *Id*.

## I. The Scheme to Defraud the United States

Beginning around March 2019 and continuing until November 2019, Nash had a bribery agreement with Dalbec and Nadem whereby Nash provided them with confidential, non-public bidding information concerning U.S. military contracts in Alaska, including IGCE and competitor bid amounts. Dkt. 33-6, p. 6-16; Dkt. 33-7, p. 6-15. In return, Dalbec and Nadem gave and promised Nash cash and other things of value, both as upfront payments and as percentage of the total value of contracts won using the information that Nash provided. *Id.*

After an investigation, all three were charged with federal crimes based upon their scheme. On May 2022, Nash pled guilty to conspiracy, in violation of 18 U.S.C. § 371 and acceptance of bribe by a government official, in violation

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al* -4-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 64   Filed 05/25/23   Page 4 of 16

of 18 U.S.C. § 201(b)(2)(A) and subsection (b)(2)(C). Dkt. 33-6. On August 19, 2022, Dalbec pled guilty to conspiracy in violation of 18 U.S.C. § 371 and bribery of a public official, in violation of 18 U.S.C. § 201(b)(2)(A) and subsection (b)(2)(C). Dkt. 33-7.

Both Defendants admitted to the bribery scheme involving five contracts. Dkt. 33-6, p. 6-16; Dkt. 33-7, p. 6-15. They are:

    (1)    Asbestos Abatement Contract1 (FA500019PA021)
    (2)    Asbestos Abatement Contract 2 (FA500019PA026)
    (3)    Eielson Roof Repair Contract (cancelled)
    (4)    Eielson F-35 Building Contract (FA500420C0003)
    (5)    Nike Contract (FA500019PA164)

Because the Eielson Roof Repair Contract never came to fruition, the United States is not pursuing this claim, leaving four tainted contracts to which Defendants have admitted liability.

**II.     Federal Acquisition Regulation**

To be able to do business with the United States of America under a Federal Acquisition Regulation-based contract, an entity must be registered in the System for Award Management ("SAM"). As part of the registration process, Best Choice Construction represents and certifies yearly compliance with, *inter alia*:

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*                    -5-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 64   Filed 05/25/23   Page 5 of 16

- Federal Acquisition Regulation ("FAR") 52.203-11(c) - Certification and Disclosure Regarding Payments to – Influence Certain Federal Transactions ("The offeror, by signing its offer, hereby certifies to the best of its knowledge and belief that no Federal appropriated funds have been paid or will be paid to any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress on its behalf in connection with the awarding of this contract.");

- FAR 52.212-3(e) - Certification Regarding Payments to Influence – Federal Transactions (31 U.S.C. § 1352) ("By submission of its offer, the offeror certifies to the best of its knowledge and belief that no Federal appropriated funds have been paid or will be paid to any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress or an employee of a Member of Congress on his or her behalf in connection with the award of any resultant contract."); and

- FAR 52.203-12(b) (incorporated by reference) - Limitation on Payments to Influence Certain Federal Transactions ("31 U.S.C. § 1352 prohibits a recipient of a Federal contract, grant, loan, or cooperative agreement from using appropriated funds to pay any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with any covered Federal actions. In accordance with 31 U.S.C. § 1352, the Contractor shall not use appropriated funds to pay any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with the award of this contractor the extension, continuation, renewal, amendment, or modification of this contract.")

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -6-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 64   Filed 05/25/23   Page 6 of 16

Attached hereto as Exhibit C is Best Choice Construction's compliance certifications for May 2018-September 2019 signed and filed by on behalf of Best Choice Construction by Raihana Nadem. Contrary to these compliance certifications, Best Choice Construction, through Nadem and Dalbec, were actively engaged in the bribery scheme described above in direct violation of the FAR.

## III. The Present Civil Action

This action is a result of a *qui tam* complaint filed on March 13, 2020. Dkt. 1. On November 15, 2022, the United States intervened and filed a complaint alleging that Defendants violated the FCA in connection with a bid rigging scheme designed to win federal contracts. Dkts. 32, 33. The United States filed an Amended Complaint on February 1, 2023, making the same allegations, but adding Defendant Nadem. Dkt. 41. The United States alleges that in contravention of the requirement for BCC's annual certification, Defendants engaged in a number of schemes designed and intended to win bids through false and fraudulent means. Dkt. 41.

In the Government's Amended Complaint there are three causes of actions pled. *Id*. First, Defendants knowingly presented, or caused to be presented, false claims pursuant to 31 U.S.C. § 3729(a)(1)(A). Second,

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -7-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 64   Filed 05/25/23   Page 7 of 16

Defendants knowingly presented or caused to be presented, false or fraudulent claims pursuant to 31 U.S.C. § 3729(a)(1)(B). Third and finally, conspiracy to commit violation of the False Claims Act pursuant to 31 U.S.C. § 3729(a)(1)(C).

### i. *31 U.S.C. § 3729(a)(1)(A)*

The United States' first cause of action under the False Claims Act is for a violation of 31 U.S.C. § 3729(a)(1)(A). Dkt. 41, ¶¶ 43-45. It states that "Any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment of approval" is liable under the False Claims Act. 31 U.S.C. § 3729(a)(1)(A).

Both Nash and Dalbec pled guilty to conspiracy and bribery of a public official. Dkts. 33-6, 33-7. Dalbec admitted to bribing Nash, a government official, to obtain said information. Dkt. 33-7. Dalbec also knowingly submitted false certifications. *Id*. Nash admitted that he accepted bribes in exchange for providing confidential, non-public information regarding bids and IGCEs. Dkt. 33-6. Nash *caused* Dalbec's certifications to be false statements based upon his and Dalbec's illegal conspiracy to subvert the competitive bidding process. *Id*.

### ii. *31 U.S.C. § 3729(a)(1)(B)*

The United States' second cause of action under the False Claims Act is for a violation of 31 U.S.C. § 3729(a)(1)(B). Dkt. 41, ¶¶ 46-48. It states, "Any

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -8-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 64   Filed 05/25/23   Page 8 of 16

person who knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" is liable under the False Claims Act. 31 U.S.C. § 3729(a)(1)(B). Nash and Dalbec conspired to subvert the competitive bidding process through their illegal conspiracy and Dalbec submitted false compliance certifications. They plead guilty to these charges. Dkts. 33-6, 33-7.

### *iii.* *31 U.S.C. § 3729(a)(1)(C)*

The United States' third cause of action under the False Claims Act is for a violation of 31 U.S.C. § 3729(a)(1)(C). Dkt. 41, ¶¶ 49-50. It states, "Any person who conspires to be commit a violation of [the false claims act]" is liable under the False Claims Act. 31 U.S.C. § 3729(a)(1)(C). Nash and Dalbec pled guilty to their conspiring to bribe a public official in exchange for information to help Dalbec's company win competitive bids for government work. Dkts. 33-6, 33-7.

## ARGUMENT

### I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -9-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 64   Filed 05/25/23   Page 9 of 16

burden of showing the absence of a genuine dispute of material fact initially lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party meets this burden, the non-moving party must present specific evidence demonstrating the existence of a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Oracle*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 323). The non-moving party may not rely on mere allegations or denials. *Anderson*, 477 U.S. at 248-49. The non-movant must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth. *Id.* (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. (citing 10A C. Wright, A. Miller, & Kane, Federal Practice and Procedure § 2725 p. 93-95 (1983)).

When considering a motion for summary judgment, a court must accept as true all evidence presented by the non-moving party and draw "all justifiable inferences" in the non-moving party's favor. *Oracle*, 627 F.3d at 387

U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al     -10-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 64   Filed 05/25/23   Page 10 of 16

(citing *Anderson*, 477 U.S. at 255). To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S at 248. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 250 (citing *Dombrowski v. Eastland*, 387 U.S. 82, 87 (1967); *First Nat'l Bank*, 391 U.S. at 290)).

## II. The United States is Entitled to Partial Summary Judgment Against Defendants Pursuant to the FCA's Statutory Estoppel Provision

Due to their criminal convictions, Defendants are estopped from denying the essential elements of the FCA violation alleged in this civil case. The False Claims Act includes a statutory provision prohibiting defendants who plead guilty in a criminal case from then denying liability in a related civil case. Under the FCA,

> a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo
*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -11-
Case No. 3:20-cv-00063-HRH


(citing *Anderson*, 477 U.S. at 255). To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S at 248. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 250 (citing *Dombrowski v. Eastland*, 387 U.S. 82, 87 (1967); *First Nat'l Bank*, 391 U.S. at 290)).

## II. The United States is Entitled to Partial Summary Judgment Against Defendants Pursuant to the FCA's Statutory Estoppel Provision

Due to their criminal convictions, Defendants are estopped from denying the essential elements of the FCA violation alleged in this civil case. The False Claims Act includes a statutory provision prohibiting defendants who plead guilty in a criminal case from then denying liability in a related civil case. Under the FCA,

> a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -11-
Case No. 3:20-cv-00063-HRH

contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730.

31 U.S.C. § 3731(e).

Courts regularly grant summary judgment as to liability under the FCA, where, as here, the essential facts giving rise to liability are established by the collateral estoppel effect of a prior criminal conviction. *See, e.g., United States ex rel. Virgin Islands Housing Authority v. Coastal General Construction Services Corp.*, 299 F. Supp. 2d 483, 485-88 (D.V.I. 2004); *United States v. Sazama*, 88 F. Supp. 2d 1270 (D. Utah 2000); *United States v. Fliegler*, 756 F. Supp. 688, 693-95 (E.D.N.Y. 1990); *United States v. Nardone*, 782 F. Supp. 996 (M.D. Pa. 1990); *United States v. Diamond*, 657 F. Supp. 1204, 1204-05 (S.D.N.Y. 1987).

### III. Defendants Are Liable for Automatic Civil Penalties Under the FCA

Pursuant to statute, any person who violates the FCA must pay a civil penalty of between $5,000 and $10,000 for each false claim and treble the amount of the government's damages. 31 U.S.C. § 3729(a)(1)(G). From time to time, this amount is adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 101-410). The current

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -12-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 64   Filed 05/25/23   Page 12 of 16

amounts are $5,500 to $11,000. See 28 C.F.R. § 85.3(a)(9) (for violations occurring on or after September 29, 1999). Although this motion does not address damages,[3] civil penalties are a separate issue and do not depend on any damage calculation. If the Court holds that Defendants are liable under the FCA with respect to the civil complaint, then, as a matter of law, Defendants are liable to pay civil penalties. While 31 U.S.C. § 3729 gives the Court discretion to determine the precise dollar amount of each penalty, within the $5,500 to $11,000 range, imposition of penalties is automatic once a defendant is found to have violated the FCA. *See United States v. Mackby*, 339 F.3d 1013, 1017 (9th Cir. 2003) (Mackby II) ("Congress provided for treble damages and an automatic civil monetary penalty per false claim") (citing S.Rep. No. 99–345, at 17 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5282), cert. denied, 124 S. Ct. 1657 (2004). Indeed, in amending the FCA in 1986, the Senate Judiciary Committee noted that "defrauding the Government is serious enough to warrant an automatic forfeiture rather than leaving fine

---

[3] There are substantial actual damages in this case. However, in accordance with the Court's suggestion at Dkt. 57, the United States is not moving for summary judgment as to damages at this time but will address damages after moving for default judgment as to the other two defendants. Instead, this motion addresses only liability and statutory civil penalties under the FCA.

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -13-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH Document 64 Filed 05/25/23 Page 13 of 16

determinations with district courts, possibly resulting in discretionary nominal payments." S. Rep. No. 99-345, 99th Cong., 2d Sess., 17, reprinted in 1986 U.S.C.C.A.N. 5266, 5282.

Moreover, a penalty must be assessed for each false claim. As the Senate Judiciary Committee made clear,

> [e]ach separate bill, voucher or other "false payment demand" constitutes a separate claim for which a forfeiture shall be imposed,…and this is true although many such claims maybe submitted to the Government at one time. For example, a doctor who completes separate Medicare claims for each patient treated will be liable for a forfeiture for each such form that contains false entries even though several such forms may be submitted to the fiscal intermediary at one time.

*Id.* at 9, 1986 U.S.C.C.A.N. at 5274 (citations omitted); *accord Mackby II,* 339 F.3d at 1017-18; *United States v. Ehrlich,* 643 F.2d 634, 637-38 (9th Cir. 1981).

Consequently, in this case, four penalties between $5,500 and $11,000 each should be assessed against Defendants, jointly and severally, corresponding to the four tainted contracts at issue in the present motion. In light of the seriousness of Defendants' conduct, the United States submits that the maximum penalty, totaling $44,000, should be imposed.

U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al -14-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH Document 64 Filed 05/25/23 Page 14 of 16

## CONCLUSION

The United States is entitled to summary judgment on the issue of liability. Nash and Dalbec admitted to the same conduct in their pleas that constitute violations of the False Claims Act. Pursuant to the False Claims Act (31 U.S.C. § 3731(e)), Nash and Dalbec are collaterally estopped from denying the conduct they pled to. For all of the foregoing reasons, the Court should enter summary judgment in favor of the United States and against Defendants, and find Defendants liable under the FCA, resulting in the imposition of four $11,000 civil penalties, for a total of $44,000.

RESPECTFULLY SUBMITTED on May 25, 2023, at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ Jacquelyn A. Traini
Assistant U. S. Attorney
United States of America

s/ Marie C. Scheperle
Assistant U. S. Attorney-Civil Chief
United States of America

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al*  -15-
Case No. 3:20-cv-00063-HRH

Case 3:20-cv-00063-HRH   Document 64   Filed 05/25/23   Page 15 of 16

**CERTIFICATE OF SERVICE**
I hereby certify that on May 25, 2023,
a copy of the foregoing was served via
email on all counsel of record, including:

Jeffrey A. Newman
jeffrey@jeffreynewmanlaw.com

Lisa Rosano
lrosano@weidnerjustice.com
*Attorneys for Relator*

*Via U.S. Certified Mail on:*
Raihana Nadem
Bella Vista Med Spa,
3731 S Arizona Ave #2,
Chandler, AZ 85286

Best Choice Construction, LLC
ND Secretary of State (Registered Agent)
600 E Boulevard Ave Dept 108
Bismarck, ND 58505-0500

Ryan Dalbec- Defendant 36047509
USP Atlanta
U.S. Penitentiary
P.O. Box 150160
Atlanta, GA 30315

Brian Lowell Nash II- Defendant
FCI Sheridan
Federal Correctional Institution
P.O. Box 5000
Sheridan, OR 97378

s/ Jacquelyn A. Traini
Office of the U.S. Attorney

*U.S. ex rel. Halsor v. Best Choice Construction, LLC et. Al* -16-
Case No. 3:20-cv-00063-HRH