S. LANE TUCKER
United States Attorney

JACQUELYN A. TRAINI
MARIE C. SCHEPERLE
Assistant U. S. Attorneys
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Jackie.Traini@usdoj.gov
E-mail: Marie.Scheperle@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JACOB HALSOR,<br><br>Plaintiffs,<br><br>vs.<br><br>BEST CHOICE CONSTRUCTION LLC; RYAN DALBEC; RAIHANA NADEM; and BRIAN LOWELL NASH, II<br><br>Defendants. | Case No. 3:20-cv-00063-HRH |

**UNITED STATES' REPLY TO DEFENDANTS' OPPOSITIONS TO GOVERNMENT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY**

COMES NOW, the United States of America, by and through counsel, and hereby replies in support of its Motion for Partial Summary Judgment as to Liability [Dkt. 64]. At

Dkt. 84 and Dkt. 88 respectively, Defendants Nash and Dalbec oppose the Government's Motion for Partial Summary Judgment.

Dalbec argues that he did not submit false claims to the Government because he did not know Nash when one contract was submitted and because two other contracts were terminated by the Government. *See generally* Dkt. 88. Dalbec misunderstands the basis for liability under the FCA. In responding, Dalbec only addresses three contracts: FA500019PA016, FA500420C0003, and FA500019PA164. Dkt. 88 at 2; *Cf*. Dkt 64. at 5. Dalbec makes no response to the Government's allegations concerning contracts FA500019PA021 and FA500019PA026. As a matter of law, denials are insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Here, Dalbec has not even made a denial in regard to contracts FA500019PA021 and FA500019PA026 under Counts I and II of the Government's Amended Complaint at Dkt. 41.

Nash also opposes the Government's motion. Dkt. 84. Among factual denials, he argues that because he did not personally submit false claims, he was not involved in the claims process and therefore, judgment should not be entered against him. Dkt. 84 at 2. He does, however, admit that his role was to "provide information," and that he "…knew [he] was breaking the rules." *Id.* at 2, 4. Like Dalbec, Nash misapprehends the elements of a FCA cause of action, and he fails to respond to the Government's arguments on conspiracy and fraud in the inducement.

## I. Background

In its underlying motion and in the Amended Complaint [Dkt. 41], the Government asserts three FCA claims arising under separate subsections of the statute. 31 U.S.C. § 3729(a)(1)(A), (B), and (C). Although the elements of each are similar, they are not identical. The Government must prove "all essential elements of the cause of action, including damages, by a preponderance of the evidence." 31 U.S.C. § 3731(d).

### a. Counts I and II

The elements of a FCA violation under Counts I and II of the Amended Complaint are: (1) presentation or causing presentation of a claim to the Government for payment; (2) falsity of the claim; (3) materiality of the falsity to the Government's payment decision; and (4) the defendant's actual knowledge of the falsity of the claim, or deliberate ignorance or reckless disregard of the truth or falsity of the claim. 31 U.S.C. § 3729(a)(1); (b)(1)(A); *see also U.S. ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 899 (9th Cir. 2017). No specific intent to defraud is required. 31 U.S.C. § 3729(b)(1)(B). Courts must further "interpret the FCA broadly, in keeping with the Congress's intention 'to reach all types of fraud, without qualification, that might result in financial loss to the Government.'" *Winter ex rel. U.S. v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1116 (9th Cir. 2020) (quoting *United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968)). "[T]he Supreme Court 'has consistently refused to accept a rigid, restrictive reading' of the FCA... and has cautioned courts against 'adopting a circumscribed view of what it means for a claim to be

false or fraudulent[.]'" *Id.* (quoting *Universal Health Servs. v. U.S. ex rel. Escobar* (*Escobar I*), 579 U.S. 176, 192 (2016)).

For the third element, a false certification is "material" within the meaning of the FCA if it has "a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." *Escobar I,* 579 U.S. at 192-93; *see also United States v. Bourseau,* 531 F.3d 1159, 1171 (9th Cir.2008). The Supreme Court has "approved" the natural tendency test, that "the FCA requires proof only that the defendant's false statements could have influenced the government's pay decision or had the potential to influence the government's decision, not that the false statements actually did so." *U.S. ex rel. Longhi v. Lithium Power Technologies, Inc.*, 575 F.3d 458, 469 (5th Cir. 2009) (quotation marks omitted).

For the fourth element, the FCA defines "knowing" and "knowingly" to mean the defendant "has actual knowledge of the information;" "acts in deliberate ignorance of the truth or falsity of the information;" or "acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A). The Government need not, however, prove "a specific intent to defraud." *Id.* § 3729(b)(1)(B). Misrepresentations by omission can give rise to liability. *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 187 (2016).

**b. Count III**

Section 3729(a)(1)(C), as pled in Count III of the Amended Complaint, creates liability for one who "conspires" to violate the FCA, including conspiring to "present .... a

false or fraudulent claim" or make or use a "false record or statement material to a false or fraudulent claim." Courts have applied general principles of civil conspiracy to the prior version of this provision. *See U.S. ex rel. Durcholz v. FKW, Inc.,* 189 F.3d 542, 545 n. 3 (7th Cir.1999). As the Sixth Circuit explained in an FCA case:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single. plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*United States v. Murphy,* 937 F.2d 1032, 1039 (6th Cir.1991) (quoting *Hooks v. Hooks,* 771 F.2d 935, 943–44 (6th Cir.1985)). Unlike for Counts I and II, the Supreme Court has interpreted the former version of this provision to require proof of intent to defraud the Government. *Allison Engine Co., Inc. v. U.S. ex rel. Sanders,* 553 U.S. 662, 672–3 (2008).

## II. Argument

Defendant Nash conflates the claims process (undertaken in the contracting context) with a false claim. The Government is not required to prove Nash participated in the contracting claims submission process. There are two doctrines that attach potential FCA liability to claims for payment that are not explicitly and/or independently false: (1) false certification (either express or implied); and (2) promissory fraud or "fraud-in-the-

inducement." *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1171 (9th Cir. 2006). Under a theory of fraud-in-the-inducement, a fraudulent effort to obtain a contract can constitute a false or fraudulent claim for payment or approval. Nash aided Dalbec in this fraud in the inducement by subverting the bidding process. Claims for payment subsequently submitted under a contract initially induced by fraud do not have to be false or fraudulent in and of themselves in order to state a cause of action under the FCA. *In re Baycol Prod. Litig.*, 732 F.3d 869, 876 (8th Cir. 2013) citing *e.g., United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir.1999); *see also* Claire M. Sylvia, The False Claims Act: Fraud Against the Government § 4:29 (April 2013). In addition, the Government need not prove Nash personally submitted claims. *United States v. Mackby*, 261 F.3d 821, 827 (9th Cir.2001) (FCA causation element is satisfied if the defendant caused a false claim to be submitted, even if he or she did not personally submit the claim). For these reasons, Nash's arguments fail and summary judgment in favor of the Government is appropriate.

Similarly, Defendant Dalbec argues contract FA500420C0003 and FA500019PA164 could not have violated the False Claims Act because they were cancelled by the Government. He overlooks that the Government pled these contracts under Count III as attempts to conspire to violate the FCA. Conspiracy does not require the Government to have actually sustained damages. *See* 31 U.S.C. § 3729 (making violators liable for a penalty per violation and three times the damages sustained by the United

States); *accord* S. Rep. No. 99-345, at 3, reprinted in 1986 U.S.C.C.A.N. at 5268 (recognizing the considerable harm done to Government programs by the false claims and statements prohibited under the FCA "even in cases where there is no dollar loss"). Congress imposed mandatory penalties for violations of the FCA irrespective of whether the United States has suffered damages or whether its damages can ultimately be quantified and proven. *See Bly-Magee v. California*, 236 F.3d 1014, 1017 (9th Cir. 2001) (explaining no damages need be shown to recover under the FCA). In addition, the Government's motion is as to liability, not damages. For these reasons, Dalbec's arguments fail and summary judgment in favor of the Government is appropriate.

## III. Conclusion

As noted in the Government's motion, Defendants Dalbec and Nash admitted the essential elements of the Government's three claims and are estopped from denying the conduct they have pled to, despite their attempts at Dockets 84 and 88 to do so. 31 U.S.C. § 3731(e). The Government has filed a copy of the Defendants' plea agreements at Docket 33-6 and 33-7, both of which include detailed factual statements agreed to by the Defendants which constitute the necessary elements of the causes of actions pled in the Amended Complaint. Dkt. 41.

Because the Defendants have pled to the elements of the Government's claims and area now estopped from continuing their denials, summary judgment as to liability should be entered for the Government.

RESPECTFULLY SUBMITTED on February 21, 2024, at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ Jacquelyn A. Traini
Assistant U. S. Attorney
United States of America

s/ Marie C. Scheperle
Assistant U. S. Attorney-Civil Chief
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on February 21, 2024, a copy of the foregoing was served via email on all counsel of record, including:

Jeffrey A. Newman
jeffrey@jeffreynewmanlaw.com

Lisa Rosano
lrosano@weidnerjustice.com
*Attorneys for Relator*

*Via U.S. Certified Mail on:*
Raihana Nadem
Bella Vista Med Spa,
3731 S Arizona Ave #2,
Chandler, AZ 85286

Best Choice Construction, LLC
ND Secretary of State (Registered Agent)
600 E Boulevard Ave Dept 108
Bismarck, ND 58505-0500

Ryan Dalbec
130 Cordova St.
Anchorage, AK 99501

Brian Lowell Nash II- Defendant – 3601-509
FCI Sheridan
Federal Correctional Institution
P.O. Box 5000
Sheridan, OR 97378

s/ Jacquelyn A. Traini
Office of the U.S. Attorney