IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA, *ex rel.* JACOB HALSOR,

              Plaintiffs,

      vs.

BEST CHOICE CONSTRUCTION LLC; RYAN DELBEC; RAIHANA NADEM; and BRIAN LOWELL NASH, II;

              Defendants.

Case No. 3:20-cv-00063-JMK

**ORDER DENYING SUMMARY JUDGMENT**

      Before the Court at Docket 64 is the United States of America's ("United States'") *Motion for Partial Summary Judgment as to Liability.* Defendants Brian Lowell Nash II and Ryan Dalbec, who are proceeding *pro se*, responded in opposition at Dockets 84 and 88, respectively.[1]

      For the following reasons, the United States' motion is **DENIED**.

## I.  BACKGROUND

      This is an action arising under the False Claims Act ("FCA" or "the Act"), 31 U.S.C. § 3729 *et seq.*, for damages and civil penalties arising out of an alleged bribery

---

[1] *See* Docket 87.

scheme designed to win bids for federal contracts.[2]  The following facts are undisputed unless otherwise noted.

In 2019, Mr. Nash was an enlisted member of the United States Air Force and served as a contract specialist at Joint Base Elmendorf Richardson ("JBER") in Anchorage, Alaska.[3]  As part of his duties as a contract specialist, Mr. Nash was authorized to award and administer contracts with values up to $250,000.[4]  By virtue of his position, he had access to non-public information, such as competitor bid information and Independent Government Cost Estimates ("IGCEs")—the government's internal estimates of a contract's potential costs.[5]  By law, and according to the terms of a non-disclosure agreement he signed, Mr. Nash was required to keep confidential contractor bid information, including IGCEs.[6]

Mr. Dalbec was the manager of Best Choice Construction LLC ("Best Choice"), a North Dakota limited liability company.[7]  Through Best Choice, Mr. Dalbec submitted for and was awarded federal contracts in Alaska, including contracts to perform asbestos abatement and roof repairs at JBER and Eielson Air Force Base in Fairbanks, Alaska.[8]  Raihana Nadem is married to Mr. Dalbec and was the owner and registered agent

---

[2] Docket 1 at 2.
[3] Docket 33-6 at 4–5.
[4] *Id.* at 5.
[5] *Id.* at 4–5.
[6] *Id.* at 5–6.
[7] Docket 33-7 at 4–5.
[8] *Id.* at 5–6.

*United States ex rel. Halsor v. Best Choice Constr. LLC, et al.*          Case No. 3:20-cv-00063-JMK
Order Denying Summary Judgment          Page 2

Case 3:20-cv-00063-JMK   Document 91   Filed 03/26/24   Page 2 of 9

of Best Choice. She assisted Mr. Dalbec in the daily management of the company and helped to prepare and submit bids for federal contracts in Alaska.[9]

Between March 2019 and November 2019, Mr. Nash provided Mr. Dalbec and Ms. Nadem confidential, non-public bidding information related to U.S. military contracts in Alaska, including IGCEs and competitor bids, in exchange for payment of a percentage of the total value of contracts won using the non-public bidding information.[10] Ultimately, all three individuals were charged with federal crimes. In May 2022, Mr. Nash pled guilty to conspiracy, in violation of 18 U.S.C. § 371, and acceptance of a bribe by a government official, in violation of 18 U.S.C. § 201(b)(2)(A).[11] Later, in August 2022, Mr. Dalbec pled guilty to conspiracy, in violation of 18 U.S.C. § 371, and acceptance of a bribe by a government official, in violation of 18 U.S.C. § 201(b)(2)(A) & (C).[12] Both Mr. Nash and Mr. Dalbec admitted to participating in a bribery scheme with respect to five contracts: (1) Asbestos Abatement Contract 1 (FA500019PA021); (2) Asbestos Abatement Contract 2 (FA500019PA026); (3) Eielson Roof Repair Contract; (4) Eielson F-35 Building Contract (FA500420C0003); and (5) Nike Contract (FA500019PA164).[13]

During the period in which Defendants engaged in their bribery scheme, Best Choice submitted certifications attesting to their compliance with Federal Acquisition Regulations ("FARs").[14] Specifically, Ms. Nadem, on behalf of Best Choice, certified

---

[9] *Id.* at 5.
[10] Docket 33-6 at 6–16; Docket 33-7 at 6–15.
[11] Docket 33-6; Docket 64-1.
[12] Docket 33-7; Docket 64-2.
[13] Docket 33-6 at 6–16; Docket 33-7 at 6–15.
[14] Docket 64-3.

*United States ex rel. Halsor v. Best Choice Constr. LLC, et al.*                Case No. 3:20-cv-00063-JMK
Order Denying Summary Judgment                                                                      Page 3

Case 3:20-cv-00063-JMK    Document 91    Filed 03/26/24    Page 3 of 9

compliance with FARs 52.203-11(c), 52.212-3(e), and 52.203-12(b), that, *inter alia*, "no Federal appropriated funds have been paid or will be paid to any person for influencing or attempting to influence an officer or employee of any agency . . . on its behalf in connection with the awarding of this contract."[15]

Ultimately, Relator Jacob Halsor filed a *qui tam* complaint and initiated this case on March 30, 2020.[16] On October 31, 2022, the United States elected to intervene pursuant to 31 U.S.C. § 3730(b).[17] In its Amended Complaint, the United States asserted three claims under False Claims Act and alleged that Defendants knowingly presented, or caused to be presented, false or fraudulent claims with respect to federal contracts, and conspired to committed violations of the Act.[18]

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] A material fact is one that "might affect the outcome of the suit under the governing law."[20] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[21]

---

[15] *Id.* at 50.
[16] Docket 1.
[17] Docket 31.
[18] Docket 41 at 14–16.
[19] Fed. R. Civ. P. 56(a).
[20] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).
[21] *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.,* 618 F.3d 1025, 1031 (9th Cir. 2010).

*United States ex rel. Halsor v. Best Choice Constr. LLC, et al.*                    Case No. 3:20-cv-00063-JMK
Order Denying Summary Judgment                                                        Page 4

Case 3:20-cv-00063-JMK    Document 91    Filed 03/26/24    Page 4 of 9

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact.[22]  To establish that a fact cannot be genuinely disputed, the movant either can cite the record or show "that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[23]

Once the movant has made such a showing, the non-movant "bears the burden of production under [FRCP] 56 to 'designate specific facts showing that there is a genuine issue for trial.'"[24]  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[25]  A party cannot "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements."[26]

"If a moving party fails to carry its initial burden of production, the non-moving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial."[27]  Ultimately, in ruling on a motion for

---

[22] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[23] Fed. R. Civ. P. 56(c)(1).

[24] *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

[25] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal citation omitted); *see also Liberty Lobby*, 477 U.S. at 252 (specifying that the non-movant must show more than "the mere existence of a scintilla of evidence"); *accord In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

[26] *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

[27] *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).

*United States ex rel. Halsor v. Best Choice Constr. LLC, et al.*          Case No. 3:20-cv-00063-JMK
Order Denying Summary Judgment                                             Page 5

Case 3:20-cv-00063-JMK   Document 91   Filed 03/26/24   Page 5 of 9

summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party.[28]

## III. DISCUSSION

The United States argues that the essential facts that give rise to Defendants' liability under the False Claims Act are established by their prior criminal convictions.[29] Further, they assert that the Act itself bars a defendant who pleads guilty in a criminal case from denying liability in a related civil case.[30] The United States notes that it is not pursuing any claim based on the Eielson Roof Repair Contract, as the contract never came to fruition.[31] In opposition, Mr. Nash and Mr. Dalbec claim that there are disputes of fact. Mr. Nash argues that he never should have been named as a co-defendant in the prior criminal case, as he took no part in the claims process and quibbles with some of the details in the United States' motion.[32] For his part, Mr. Dalbec argues that there were no false claims related to three contracts: FA500019PA0[2]6, FA500420C0003, and FA500019PA164.[33]

The United States asserts three causes of action under the False Claims Act against Mr. Nash and Mr. Dalbec. First, the United States claims that both Defendants, in violation of 31 U.S.C. § 3729(a)(1)(A), "knowingly present[ed], or caus[ed] to be presented, a false or fraudulent claim for payment or approval."[34] It invokes the statute

---

[28] *Scott v. Harris,* 550 U.S. 372, 378 (2007).
[29] Docket 64 at 11–12.
[30] *Id.* (citing 31 U.S.C. § 3731(e)).
[31] *Id.* at 5.
[32] Docket 84 at 2–3.
[33] Docket 88.
[34] 31 U.S.C. § 3729(a)(1)(A).

*United States ex rel. Halsor v. Best Choice Constr. LLC, et al.*      Case No. 3:20-cv-00063-JMK
Order Denying Summary Judgment      Page 6

Case 3:20-cv-00063-JMK   Document 91   Filed 03/26/24   Page 6 of 9

and reiterates the undisputed facts: that the two Defendants operated a bribery scheme; that Mr. Dalbec knowingly submitted false certifications; and that Mr. Nash, by providing non-public information, caused the submission of false certifications.[35] However, the United States stops there and fails to connect these facts to the elements of a FCA claim in any detail.

To succeed on a FCA claim, a plaintiff must show "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due."[36] Falsity exists when there is an "express false certification, which 'means that the entity seeking payment falsely certifies compliance with a law, rule or regulation as part of the process through which the claim for payment is submitted.'"[37]

The United States fails to demonstrate these elements are met. It asserts that Mr. Dalbec knowingly submitted false certifications, but its own statement of facts, and Mr. Dalbec's plea agreement, document that his wife, Ms. Nadem, submitted certifications on behalf of Best Choice. And, with respect to Mr. Nash, the United States argues that he accepted bribes in exchange for providing non-public information, but does not show that this is a fraudulent course of conduct under the FCA.[38] Furthermore, it is the United States' burden to cite to the record and show an absence of dispute of material fact.[39] But it

---

[35] Docket 64 at 8.

[36] *United States ex rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1017 (9th Cir. 2018) (internal citations and quotations omitted).

[37] *Id.* (internal alterations omitted) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

[38] Docket 64 at 8.

[39] Fed. R. Civ. P. 56(c)(1).

*United States ex rel. Halsor v. Best Choice Constr. LLC, et al.*
Order Denying Summary Judgment

Case No. 3:20-cv-00063-JMK
Page 7

Case 3:20-cv-00063-JMK   Document 91   Filed 03/26/24   Page 7 of 9

provides no citation to the record that supports that either Defendants' actions were material in causing the government to pay out monies. While the United States may believe that these elements are obviously met given Defendants' plea agreements, this Court must independently evaluate whether the movant has met its burden on summary judgment.[40] It may not make assumptions or litigate the case for the parties.[41] Ultimately, the United States' superficial analysis does not show it is "entitled to judgment as a matter of law."[42] The Court cannot grant summary judgment where the movant merely quotes a statute, fails to engage with court decisions that interpret the FCA, and does not adequately or specifically cite the record.

The United States' motion for summary judgment on liability for its second and third causes of action suffers similar defects. In its second cause of action, the United States asserts that Defendants, in violation of 31 U.S.C. § 3729(a)(1)(B), "knowingly ma[de], used[d], or cause[d] to be made or used, a false record or statement material to a false or fraudulent claim."[43] They argue that "Nash and Dalbec conspired to subvert the competitive bidding process through their illegal conspiracy and Dalbec submitted false compliance certifications."[44] And, in its third cause of action, the United States asserts that Defendants, in violation of 31 U.S.C. § 3729(a)(1)(C), "conspire[d] to commit a violation of [the False Claims Act]."[45] They argue that "Nash and Dalbec pled guilty to their

---

[40] *Cristobal v. Siegel*, 26 F.3d 1488, 1496 (9th Cir. 1994).
[41] *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).
[42] Fed. R. Civ. P. 56(a).
[43] 31 U.S.C. § 3729(a)(1)(B).
[44] Docket 64 at 9.
[45] 31 U.S.C. § 3729(a)(1)(C).

*United States ex rel. Halsor v. Best Choice Constr. LLC, et al.*  Case No. 3:20-cv-00063-JMK
Order Denying Summary Judgment  Page 8

Case 3:20-cv-00063-JMK  Document 91  Filed 03/26/24  Page 8 of 9

conspiring to bribe a public official in exchange for information to help Dalbec's company win competitive bids for government work."[46]  As the Court explained, the United States has not made the required showing of a false or fraudulent claim.  Furthermore, it has not engaged with the law other than to simply cite these two statutory provisions.  Therefore, it has not shown violations under either 31 U.S.C. § 3729(a)(1)(B) or 31 U.S.C. § 3729(a)(1)(C).

## IV.  CONCLUSION

For the foregoing reasons, the United States' *Motion for Summary Judgment on Liability* at Docket 64 is **DENIED**.

IT IS SO ORDERED this 26th day of March, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*

JOSHUA M. KINDRED
United States District Judge

---

[46] Docket 64 at 9.

*United States ex rel. Halsor v. Best Choice Constr. LLC, et al.*
Order Denying Summary Judgment

Case No. 3:20-cv-00063-JMK
Page 9

Case 3:20-cv-00063-JMK   Document 91   Filed 03/26/24   Page 9 of 9